**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

Daniel Banken                              )
_____      )
_____      )

                                           CIVIL ACTION
                                           )
                                           )
          v.                               )    NO. 24-CV-2052
                                           )    DA Docket Numbers:
Christine E. Wormuth, Secretary of the Army )   AREUBENEL20FEB00561
                                           )    AREUBENEL21MAR00756
_____      )    EEOC Case Numbers:
                                           )    570-2021-00740X
_____      )    570-2021-0129
                                           )

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

1.  Plaintiff ☐ DOES  ☑ DOES NOT demand a jury trial.

**I. PARTIES**

2.  The plaintiff is Daniel Banken                                                 ,

whose street address is PO Box 152                                                 ,

(city) Rantoul              (state) Illinois          (ZIP) 61866

(Plaintiff's telephone number)      ( 504 ) – 952-2758

3.  The defendant is ___ Christine E. Wormuth, Secretary of the Army, whose
                   OFFICE OF THE ASSISTANT SECRETARY
street address is  MANPOWER AND RESERVE AFFAIRS 1
                   111 ARMY PENTAGON                          ,
(city)  WASHINGTON        (state) DC            (ZIP) 20310-0111

(Defendant's telephone number)      (____) – _____

                                   Madigan Army Medical Center;
4.  The alleged discrimination occurred at Supreme Headquarters Allied Powers Europe
     Tacoma                    Washington           98431
(city) Mons, Belgium; APO   (state) AE            (ZIP) 09705

5. The plaintiff [*check one box*]

   (a) ☐   was denied employment by the defendant.

   (b) ☐   was hired and is still employed by the defendant.

   (c) ☑   was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month)__May_____, (day)_16_____, (year)_2010_____.

## II. JURISDICTION

7. Jurisdiction over this claim is based on 28 U.S.C. § 1331.  Plaintiff alleges that the defendant(s) discriminated against Plaintiff because of Plaintiff's:

   ☑ Age (The Age Discrimination in Employment Act, 29 U.S.C. § 621)

   ☐ Color (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

   ☐ Disability (The Americans with Disabilities Act, 42 U.S.C. § 12101 and/or The
        Rehabilitation Act, 29 U.S.C. § 701)

   ☐ National Origin (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

   ☐ Race (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

   ☐ Race (42 U.S.C. § 1981)

   ☐ Religion  (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

   ☐ Sex/Gender (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e)

   ☑ Sex/Gender (Equal Pay Act, 29 U.S.C. § 206)

   ☐ Use of Leave (Family and Medical Leave Act, 29 U.S.C. § 2611)

   ☑ Other (list):  EEO, Retaliation as reprisal for engaging in protected EEO activity _____

8. Plaintiff ☑ HAS ☐ HAS NOT filed a charge before the United States Equal Employment Opportunity Commission (EEOC) relating to this claim of employment discrimination. **[Attached]**

9. Plaintiff ☐ HAS ☑ HAS NOT filed a charge before the Illinois Department of Human Rights (IDHR) relating to this claim of employment discrimination. **[Attach a copy of charge to this complaint.]**

10. Plaintiff ☑ HAS ☐ HAS NOT received a Right to Sue Notice.  If yes, Plaintiff's Right to Sue

Notice was received on or about (date) 12/5/2023                                                          .

**[Attach copy of Notice of Right to Sue to this complaint.]**

### III.  FACTS IN SUPPORT OF CLAIM

11. The defendant intentionally discriminated against Plaintiff [*check only those that apply*]:

(a)☑        by failing to hire the plaintiff.

(b)☑        by terminating the plaintiff's employment.

(c)☑        by failing to promote the plaintiff.

(d)☑        by failing to stop harassment;

(e)☐        by failing to reasonably accommodate the plaintiff's disabilities.

(f)☐        by failing to reasonably accommodate the plaintiff's religion.

(g)☑        by retaliating against the plaintiff because the plaintiff did something to assert
             rights protected by the laws;

(h)☑        by coercing, intimidating, threatening or interfering with the plaintiff's exercise or
             enjoyment of rights;

(i)☑        with respect to the compensation, terms, conditions, or privileges of employment;

(j)☑        other (specify):Please see attached

3

12. State here briefly and as clearly as possible the essential facts of your claim.  Describe precisely how each defendant in this action is involved.  Give dates and places. Concentrate on describing as clearly and simply as possible what employment action or situation you allege to have been illegal and how it violated your rights.  It is not necessary to make legal arguments or cite any cases or statutes.

Please see attached Formal Complaints, Reports of Investigation, FOIA Army 15-6 Investigation Findings, Pre-Hearing Report, and Final Agency Decision that provides the plaintiff with right to file the present lawsuit.

The first of three EEO cases naming Hawkins as a responsible management official for discriminatory harassment (reprisal, age: non-inclusive sample of adverse actions taken included entering false statements into a government personnel system, improperly altering appraisal ratings, issuing a baseless letter of reprimand; partially resolved in 2019 through a negotiated settlement agreement that included expunging the baseless letter of reprimand, restoring the plaintiff's record, banning Hawkins from the facility, and issuing a five year restraining order as a safeguard against future harassment.

All pay related issues were "carved out," with the agency attorney agreeing to address the pay issues at a later date that has been ignored for five years.  FOIA released Army 15-6 findings against Major Richard Hawkins confirmed that Hawkins' actions were consistent with "toxic leadership," and that Hawkins "took pleasure in humiliating Dr. Banken," as retaliatory reprisal for the plaintiff engaging in EEO protected activity, including the pursuit of equitable pay.

All issues related to pay survived the first EEO complaint in accordance with the negotiated settlement agreement, combined with the second and third EEO complaints referenced above.  Failing to engage in good faith settlement negotiations, a hearing was scheduled and initiated.  After the completion of testimony, the judge called for a private "off the record meeting" for both parties. The judge advised the parties that if the complainant chose to continue with the hearing, the "agency's narrative would be adopted," citing the unsubstantiated allegations about the plaintiff by the former Major, now LTC Rick Hawkins as the primary basis for the decision.

The final agency decision regurgitates the agency's disgraceful closing argument in which the agency attorney denigrates the character of the plaintiff, a dedicated father, husband, and distinguished civil service employee with an impeccable record.  Dr. Banken's performance at Madigan Army Medical Center was higher than any psychologist in more than a decade.  He was the first prescribing psychologist in the history of the Army to serve as the Stryker Brigade's sole psychiatric prescriber and honored with the civilian achievement medal at the Supreme Headquarters Allied Powers Europe. In exchange, Army officials rewarded Dr. Banken with inequitable pay, discriminatory non-selection, character defamation, and various forms of harassment that culminated in his constructive termination.

13. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff
*check only those that apply*

(a)       Direct the defendant to hire the plantiff

(b) ☐    Direct the defendant to re-employ the plaintiff.

(c) ☐    Direct the defendant to promote the plaintiff.

(d) ☐    Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐    Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☑    Direct the defendant to (specify): __Please see attached__

_____

_____

_____

_____

_____

(g) ☑  If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☑  Grant such other relief as the Court may find appropriate.

_____
(Plaintiff's signature)

Daniel Banken
_____
(Plaintiff's name)

_____

PO Box 152
_____
(Plaintiff's street address)

(City) Rantoul _____ (State) IL _____ (ZIP) 68166 ____

(Plaintiff's telephone number) ( 504 ) – 952-2758 _____

Date: 3/3/2024 _____